UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:09-CR-05-KKC-02

UNITED STATES OF AMERICA,                                                           PLAINTIFF,

V.                               **RECOMMENDED DISPOSITION**

DARREN LITTLE,                                                                          DEFENDANT.

The defendant, Darren Little, appeared before the undersigned on May 26, 2020, for a final revocation hearing on a single supervised release violation, which charges:

> Violation #1: Supervised Release Condition: The defendant shall not commit another federal state or local crime.

The basis for this charge stems from Little being arrested on April 16, 2020 in Laurel County, Kentucky, and charged with (1) Operating a Motor Vehicle While Under the Influence of Alcohol/Drugs, Aggravator, 1st Offense (KRS 189A.010(5)(A), a Class B misdemeanor); and (2) Fleeing or Evading Police, 1st Degree (motor vehicle)(KRS 520.095, a Class D felony).

At the final hearing on May 26, 2020, the United States announced its intention to proceed with prosecution of the alleged violation based upon Little having operated a motor vehicle under the influence of drugs or alcohol, rather than on the charge of Fleeing or Evading. This is significant because the DUI charge, a class B misdemeanor, would result in a Grade C violation and a recommended guideline range of 8-14 months, with no maximum period of supervision to follow. The maximum period of incarceration, under 18 U.S.C. 35683(e)(3), is not more than five years.

1

The matter proceeded with the United States calling three witnesses to testify in the matter. Deputy Jacob Miller stated that he is a canine deputy with the Laurel County Sheriff's office. He has been a law enforcement officer for 6 years and has been with the Laurel County Sheriff's office for four years. He has been through DUI training through the Department of Criminal Justice training Center in Richmond, Kentucky. He has also had advanced A-ride training, Advanced Roadside Impairment and Detection, being trained to administer additional field sobriety tests as well as HGN, the walk and turn, and one leg stand. A-ride allows him to determine pupil size, administer the Lack of Convergence (LOC) and Modified Romberg testing. These tests are designed to detect impairment from substances other than alcohol.

Deputy Miller was on duty on April 16, 2020 and assisted Deputy Edwards on a DUI check. He encountered Mr. Darren Little on that date and noticed that Little was unsteady on his feet and had slurred speech. He did not recall detecting an order of alcohol during his encounter with Little. He performed the HGN test and the LOC, tests, and described the field tests he conducted and the results he observed. He stated that other field sobriety tests were not performed because Little was unsteady on his feet and Deputy Miller was afraid Little would fall.

Deputy Miller stated that as a result of the testing he performed, he determined that Little was under the influence of some narcotic drug at the time. As a result, Deputy Miller believed it was not safe for Little to operate a motor vehicle.

Deputy Chis Edwards testified that he has been a deputy for the Laurel County Sheriff's office since January 2017. He formerly served 20 years as the London Police Department, with the last four years of his service as a task force officer with the DEA. He was on duty with the Laurel County Sheriff's office on April 16, 2020 and encountered Darren Little. He testified that he had received multiple complaints on a vehicle registered to Little. He attempted to pull Little

over and observed Little in control of the vehicle. He followed the vehicle back to Little's residence and contacted him there after observing Little exit the vehicle and go into the residence.  He approached the residence and asked Little to come outside.  Little complied with the officer's requests, and the two walked back down to his vehicle.  He noticed that Little was unsteady on his feet and had bloodshot eyes.  He did not perform field sobriety tests, as they were preformed by Deputy Miller, who was on the scene quickly.  Deputy Edwards arrested Little for DUI, based on Deputy Miller's report that Little failed field sobriety tests.  Deputy Edwards testified that it is against the law to operate a motor vehicle under the influence of drugs.

   Officer Joseph Tyler, with the United States Probation Office, testified that he has been with probation for nine years. Before that, he was a state probation and parole officer for four years. He is responsible for supervising individuals on release, to ensure that they abide by imposed conditions. He was the officer supervising Little and has met with him in the past to discuss the conditions of his release on six to seven times. He spoke with Little by telephone on April 16,2020 after calling Little by cellphone to inquire about a report that his NCIC had been run by law enforcement. He noticed that Little's speech was rapid and erratic. Little denied taking any controlled substances but reported that he believed his girlfriend may have dosed him with controlled substances.  He speech was very different than on other occasions. Officer Tyler filed a report of alleged violation, and an addendum reporting that Little had entered a guilty plea in state court to the charge of DUI based upon the events of April 16, 2020.

   The United States proceeded on the stated intention of seeking to prosecute this supervised release case based upon a DUI offense and did not wish to proceed on a violation based upon the charge of fleeing and evading.  The only issue raised by the defense was whether, under KRS 189A.010, the government met its burden of proving a violation, arguing that the government

3

failed to show that any narcotic Little consumed impaired his driving ability. The defense based this position on the fact that the statute under which his DUI was charged provided that:

A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

(c) while under the influence of any other substance or combination of substances which *impairs one's driving ability*.

KRS 189A.010(1)(c)(emphasis added).

However, unfortunate for the defense' position is the case of *Hayden v. Com.*, 766 S.W.2d 956 (Ky. App. 1989). In *Hayden*, the statute in effect and subject to the court's consideration provided that "No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which *may impair one's driving ability*." Id. at 956 (quoting KRS 189A.010)(emphasis added). In *Hayden*, the Court addressed the question of whether, in order to secure a DUI conviction, it is necessary to prove that a person's driving ability was impaired. In addressing the issue, the court stated that

> The statute is designed to protect users of the highway from the risk created by drivers whose responses are affected by the ingestion of alcohol or other substances which may have a similar effect. It is the risk that when faced with an emergency situation a driver who is under the influence of alcohol might not respond appropriately or quickly enough which the statute is designed to alleviate. Sometimes by dumb luck or the intervention of providence even a driver who is under the influence of alcohol makes the right driving decisions and avoids demonstrating impaired driving. Being under the influence may or may not have resulted in actual impaired driving on that particular occasion. However, it is the percentage of times that impaired driving does result that the statute guards against. While sometimes actual impaired driving is what calls the officer's attention to a particular vehicle and justifies the initial stop, that justification can also come from minor violations which may or may not demonstrate impaired driving. Consequently, it is our view that although evidence of impaired driving and/or impaired driving ability is often present in a DUI trial, neither are an essential element of the offense.

4

*Id.* at 957. In summary, evidence of impaired driving is not an essential element of DUI under KRS 189A.010. As a result, the Little's argument to the contrary is simply misguided.

Upon consideration of the evidence and the arguments of counsel, the undersigned finds that a violation of the conditions of supervision has been established by a preponderance of the evidence. The undersigned makes this finding based upon the uncontradicted evidence of the witnesses called, who established that:

1. On April 15, 2020, officers received multiple calls regarding the vehicle operated by Mr. Little;
2. Upon speaking with Little, Deputy observed Little to be unsteady on his feet and had bloodshot eyes;
3. That Deputy Miller arrived on the scene and observed Little to be unsteady on his feet and exhibiting slurred speech. He did not recall detecting an order of alcohol during his encounter with Little. He performed the HGN test and the Lack of Convergence, the results of which indicated that Miller was under the influence of a narcotic agent. He stated that other field sobriety tests were not performed because Little was unsteady on his feet and Deputy Miller was afraid Little would fall; and
4. Officer Joseph Tyler, with the United States Probation Office recounted his conversation with Little. He called Little by cellphone to inquire why his NCIC had been run by law enforcement. He noticed that Little's speech was rapid and erratic. He denied taking any controlled substances but reported that he believed his girlfriend may have dosed him with controlled substances. He speech was very difference than on other occasions.

As a result, IT IS RECOMMENDED that Darren Little should be found to have violated the condition of supervision requiring that he not commit another federal, state or local crime, and he should come before the presiding judge for allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or

objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 1, 2020.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge