UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:09-CR-05-KKC-2

UNITED STATES OF AMERICA, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

DARREN LITTLE, DEFENDANT.

The defendant, Darren Little, appeared before the undersigned on September 23, 2021, for a final revocation hearing on charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to the violations and, as a result, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

Violation #1

> **Mandatory Condition No. 3**: **You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

On September 13, 2021, Mr. Little tested positive for methamphetamine and Suboxone, via instant testing device, during an office visit. Mr. Little signed an admission form detailing his use of methamphetamine and Suboxone on September 10, 2021. *This is a Grade C violation*.

1

Violation #2

> **Mandatory Condition No. 1**: You must not commit another federal, state or local crime.
>
> **Mandatory Condition No. 2**: You must not unlawfully possess a controlled substance.

Pursuant to the Controlled Substances Act, methamphetamine and Suboxone are controlled substances. With the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, and with Mr. Little's prior drug conviction, simple possession of methamphetamine and Suboxone constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E Felony. *This is a Grade B violation*.

## FACTUAL BACKGROUND

On April 7, 2010, Darren Little was sentenced to 173 months imprisonment, with a five (5) year term of supervised release to follow, after entering a plea of guilty to a violation of 21 U.S.C. § 846: Conspiracy to Distribute Five Kilograms or More of Cocaine. That sentence was subsequently reduced to 150 months imprisonment, pursuant to 18 U.S.C. § 3582(c)(2).

On November 15, 2019, Mr. Little was released from the Bureau of Prisons to begin service of his five (5) year term of supervised release, which was scheduled to expire on November 14, 2024, and on December 12, 2019, he was referred to Windows of Discovery for outpatient substance abuse counseling.

On June 12, 2020, his supervision was revoked after being arrested for DUI and Fleeing or Evading Police. He was sentenced to twelve months and one day imprisonment to be followed by five years of supervised release. Then, on March 5, 2021, Mr. Little was released from the Bureau of Prisons to begin service of his five (5) year term of supervised release, which is scheduled to expire on March 4, 2026.

On May 4, 2021, his conditions of supervision were modified by this Court, allowing him to attend a ninety (90) day inpatient program at Crossroads treatment facility in Corbin, Kentucky. Mr. Little completed the program on August 9, 2021.

On August 17, 2021, Mr. Little was referred for outpatient counseling at Mountain Comprehensive Care Center in Prestonsburg, Kentucky, where he remains as a patient.

His current violations then arose on September 13, 2021 during a home visit during when Little tested positive for methamphetamine and Suboxone, and signed an admission for the illegal use of both substances.

## **RECOMMENDED SENTENCE**

Due to the nature of his violations and his history of prior offense conduct, the United States argues that Little's supervision should be revoked. The United States asks the court to vary upward, imposing a sentence of 24 months with three years of supervised release to follow. The Defendant asks for a sentence of 12 months and one day with inpatient substance abuse treatment to follow, or a sentence at the top end of the Guidelines with no supervised release to follow.

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed –

>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3) the kinds of sentences available;
>    (4) the kinds of sentences and the sentencing ranges established...
>    (5) any pertinent policy statement...
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant.

Darren Little is a 47-year-old male from Pike County, Kentucky. He reports enjoying a childhood absent of any abuse and maintains a good relationship with his family members. He is in good health but has experienced a longstanding problem with substance abuse. He began abusing alcohol at the age of 13, before turning to Marijuana, Cocaine, and prescription pill abuse. He obtained a GED but has no further educational or vocational training. He has employment experience in auto repair and as a carpenter's helper.

Mr. Little has a criminal history category of VI, based upon various past convictions involving the abuse of alcohol and controlled substances, assault, escape, fleeing or evading, and theft.

Finally, the underlying conviction in this matter was in 2010, Conspiracy to Distribute Five Kilograms or More of Cocaine, in violation of 18 U.S.C. § 846. As referenced above, he has not been successful on supervision.

The current violations arose five months after release from incarceration when, during a home visit, Little admitted to using methamphetamine and Suboxone in violation of his conditions of release.

## III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant's extensive drug history and drug related convictions emphasize the seriousness of the present violations. Clearly, Little has a longstanding history of substance abuse, and although he has had completed programs including the RDAP program while in BOP custody, he exhibits an inability to manage his addiction. His history also reflects that his past actions, committed while under the influence of intoxicating substances, or while in the possession of substances, evidences a danger to others when he is possessing or using drugs.

The most serious violation committed by Little in this case is a Grade B Violation. Considering the severity of this violation in combination with his criminal history category of VI, the United States Sentencing Guidelines recommend a sentence of imprisonment of 21-27 months. There is no maximum period of supervision under 18 U.S.C. § 3583(h).

In fashioning a recommendation in the case, the Court considers the information above, Little's longstanding drug use and behavior, his violation of a drug testing condition while in treatment and the nature and circumstance of his current violations. Finally, the undersigned considers his criminal history category of VI. Now, in order to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. Previously, Little received a sentence of 12 months and one day, with five years of supervision to follow. Upon release he has failed to show sincere effort or commitment to improving and an incremental sentence would be indicated in response to his present violation. Therefore, a period of incarceration of 18 months with 3 years of supervision to follow is significant and will satisfy the above-stated purposes, including acting as a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty all charged violations;

(2) That his supervision be REVOKED;

(3) That Darren Little be sentenced to a term of 18 months incarceration with 3 years of supervision to follow.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing Little's knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If Little desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed September 30, 2021.

Signed By:
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**